UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:12CV-221-S

JOHN JACKSON ROBBINS, JR.                                      PETITIONER

v.

MICHAEL VEECH                                                    RESPONDENT

**MEMORANDUM OPINION**

      Petitioner John Jackson Robbins, Jr., initiated this action by filing a *pro se* "Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2242." By Memorandum and Order entered July 25, 2012, incorporated by reference, the Court construed the action as arising under 28 U.S.C. § 2254 and conducted a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. On review, the Court determined that it appeared that Robbins's claims were still being exhausted through the state court system. The Court, therefore, ordered Robbins to fill out a Court-supplied form for filing a § 2254 petition for writ of habeas corpus; state whether he has exhausted each claim that he raises; describe the steps that he took to fully exhaust each claim; and advise of the status of the pending RCr 11.42 motion in state court. The Court warned Robbins that his failure to comply within 30 days would result in dismissal of the habeas petition for failure to exhaust.

      The 30 days have passed, and Robbins has failed to comply with the Order. The Court, therefore, will dismiss this action without prejudice for failure to exhaust state-court remedies. Once Robbins has completely exhausted his remedies, he may file a new habeas petition in this Court.

Before Robbins may appeal this Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). When a district court denies such a motion on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. at 484. If the petition was denied on procedural grounds, both showings must be made before a certificate of appealability should issue and the matter be heard on appeal. *Id*. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id*. In such a case, no appeal is warranted. *Id*.

The Court is satisfied in the instant case that no jurists of reason could find its ruling to be debatable. A certificate of appealability must, therefore, be denied.

The Court will enter an Order consistent with this Memorandum Opinion.

Date: October 2, 2012

**Charles R. Simpson III, Judge**
**United States District Court**

cc: Petitioner, *pro se*
      Respondent
      Attorney General, Commonwealth of Kentucky, Office of Criminal Appeals, 1024 Capital Center Drive, Frankfort, KY 40601

4411.005